**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PETER C. JOYCE, JR.,**

      **Plaintiff,**

**-vs-**                         **Case No. 6:10-cv-334-Orl-DAB**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

      **Defendant.**
_____

# Memorandum Opinion & Order

The Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42 United States Code Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying his claim for Disability Insurance Benefits (DIB) benefits under the Act.

The record has been reviewed, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case. Oral argument has not been requested.

For the reasons that follow, the decision of the Commissioner is **AFFIRMED.**

## I. BACKGROUND

### A. Procedural History

Plaintiff previously had received disability benefits, which ceased in January 1989. R. 21D. Plaintiff reapplied initially in October 27, 1998, and was denied on January 22, 1999. R. 314-16. Plaintiff again filed for a period of disability and disability benefits on January 24, 2002. R. 99. He alleged an onset of disability on April 1, 1996, due to amputation of the left leg below the knee; right

knee pain; straightening of spine; shoulder pain; elbow and wrist pain; and diabetes mellitus. R. 99, 104, 404. His application was denied initially and upon reconsideration. R. 308-13, 321. Administrative Law Judge Apolo Garcia held a hearing on July 12, 2005[1] (the "first hearing" - R. 388-417) and issued a decision dated October 21, 2005 finding Plaintiff not disabled. R. 21D-21K. Following Plaintiff's request for review of the ALJ's decision[2] and the Appeals Council's denial (R. 6-9), Plaintiff filed his appeal in this Court on March 4, 2008. Case No. 6:08cv321-DAB. On March 4, 2009, this Court reversed and remanded the decision under sentence four of 42 U.S.C. § 405(g)[3]. R. 442-52.

Following remand, the Appeals Council reassigned the case to a different Administrative Law Judge for further proceedings consistent with the Court's order. R. 457. After a supplemental hearing, Administrative Law Judge Robert Marcinkowski (the "ALJ"), issued a decision on October 22, 2009, denying Plaintiff's application. R. 428-37. Plaintiff filed exceptions, but the Appeals Council declined to assume jurisdiction, thereby making the ALJ's decision the final decision of the Commissioner after remand. R. 418-20. On March 1, 2010, Plaintiff filed a new case in this Court. Doc. 1.

### B.     Medical History and Findings Summary

Plaintiff was 42 years old at the time his disability insured status expired on December 31, 2001. R. 97, 99. He has a GED education and past relevant work experience as an insert machine operator and post office clerk. R. 21E, 396.

---

[1] Plaintiff requested a hearing but failed to appear at the hearing and the ALJ dismissed Plaintiff's request for hearing on May 28, 2004. R. 51. The Appeals Council reviewed the dismissal and remanded the case to the ALJ to hold another hearing (R. 52), which was held on July 12, 2005. R. 388-417.

[2] Plaintiff filed a bias complaint seeking recusal of the ALJ (R. 14-20), which was denied. R. 11.

[3] A subsequent Motion to Alter the Judgment by the Commissioner was denied on March 18, 2009 R. 438-41.

Plaintiff's medical history is set forth in detail in the ALJ's decision. By way of summary, Plaintiff complained of an amputation of the left leg below the knee; right knee pain; straightening of spine; lower back and pain; shoulder pain; elbow and wrist pain; and diabetes mellitus. R. 30, 38, 104, 308, 311, 404, 513. After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that through December 31, 2001 (Plaintiff's date of last insured), Plaintiff suffered severe impairments consisting of residuals from a below the knee amputation of the left leg, obesity, and non-insulin dependent diabetes mellitus, which were "severe" medically determinable impairments, but not impairments severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. R. 430-31. The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work except he was limited to occasional balancing, stooping, kneeling, crouching and crawling, and he needed to avoid climbing ladders, ropes or scaffolds; and occasional use his left lower extremity to operate foot controls; he needed to alternate positions every 30 to 60 minutes, from sitting to standing or vice versa. R. 432.

In making this determination, the ALJ found that Plaintiff's allegations not credible to the extent they were inconsistent with the RFC assessment. R. 433. The ALJ determined that he could not perform past relevant work. R. 434. Considering Plaintiff's vocational profile and RFC, and based on the testimony of the VE, the ALJ concluded that Plaintiff could have performed on or before December 31, 2001, other work existing in significant numbers in the national economy, including sedentary jobs as call-out operator and telephone sales person. R. 436. Accordingly, the ALJ determined that Plaintiff was not under a disability, as defined in the Act, at any time before December 31, 2001. R. 436.

Plaintiff now asserts three points of error. First, he argues that the ALJ erred by exceeding the scope of the remand order. Second, Plaintiff contends the ALJ erred in finding that his carpal tunnel

-3-

syndrome was not a medically-documented impairment. Third, he claims the ALJ erred in failing to properly analyze Plaintiff's subjective complaints and evaluate his credibility. For the reasons that follow, the decision of the Commissioner is **AFFIRMED**.

## II.     STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" *Id.* (internal quotation and citation omitted); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R.

§ 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f).

To be eligible for disability insurance benefits, Plaintiff must show that he became disabled prior to the expiration of his disability insured status. 42 U.S.C. §§ 416(i)(3), 423(a), (c); 20 C.F.R. §§ 404.101, 404.130, 404.131; *Ware v. Schweiker*, 651 F.2d 408, 411 (5th Cir. 1981). In this case, Plaintiff's disability insured status expired on December 31, 2001. R. 97.

## III. ANALYSIS

### A. The ALJ's duty on remand of the case

Plaintiff argues that the ALJ's inquiry and decision were beyond the scope of the Remand Order because he was limited in that Order and the Appeals Council's remand solely to consideration of Plaintiff's right wrist pain and carpal tunnel syndrome injury. Plaintiff argues that the ALJ's "complete review" of his case was erroneous and beyond the limited review ordered. The Commissioner argues that the ALJ properly complied with the Court's remand instructions.

In this Court's Remand Order, the Court found that the previous ALJ (Garcia) "failed to discuss or discredit Plaintiff's subjective complaints concerning his wrist or carpal tunnel syndrome; thus, the ALJ's reasons are not supported by substantial evidence." R. 451. Therefore, on remand, the newly-assigned ALJ (Marcinkowski) was required to address Plaintiff's subjective complaints of

limitations on his right wrist, either from the 1994 injury or carpal tunnel syndrome, as well as consider all of the evidence including the additional testimony obtained a the supplemental hearing. The ALJ was required to issue a new decision, applying the sequential evaluation process outlined under 20 C.F.R. § 404.1520. The Social Security Regulations provide that in cases remanded by a Federal court, "[a]ny issues relating to your claim may be considered by the ALJ whether or not they were raised in the administrative proceedings leading to the final decision in your case." 20 C.F.R. § 404.983.

Plaintiff argues that the ALJ erred in "deciding the entire case with all of its elements anew and issue a completely new decision." Doc. 18 at 14. He argues that ALJ Garcia's prior decision should "remain intact" and most of the ALJ Marcinkowski's subsequent decision should be stricken, with the exception of those elements which are consistent with the Remand Order.

The Commissioner argues that on remand, ALJ Marcinkowski did explicitly consider Plaintiff's allegations of wrist pain and carpal tunnel, but accurately observed that there is "hardly any evidence pertaining to these particular symptoms through the claimant's date last insured." R. 431. The ALJ correctly found that Plaintiff had failed to establish that his alleged carpal tunnel syndrome was a medically documented impairment during the relevant period. R. 431.

ALJ Marcinkowski's decision and analysis – which included a discussion of Plaintiff's carpal tunnel syndrome and/or wrist impairments – carefully considered all of the evidence from the original record and supplemental hearing (R. 428-37) and was within the scope of the Remand Order. Moreover, Plaintiff fails to identify any prejudice resulting from ALJ Marcinkowski's consideration of all the evidence in the record.

### B.     Carpal Tunnel Syndrome

Plaintiff argues that the ALJ erred in finding that his alleged carpal tunnel syndrome "was not a medically documented impairment during the time period" because the Court's Remand Order found

it was error for the (prior) ALJ who failed to consider Plaintiff's limitations on his right wrist. The Commissioner argues that Plaintiff misunderstands the Court's role – to review the ALJ's decision for substantial evidence, not to make findings of fact.

The Court held in the Remand Order that "it was error for the ALJ to fail to consider Plaintiff's limitations on his right wrist, either from the 1994 injury or carpal tunnel syndrome" and remanded the case for the ALJ to consider the evidence of Plaintiff's limitations on his right wrist. R. 451. In denying the Commissioner's subsequent Motion to Alter Judgment, the Court affirmed that the ALJ had erred in failing to discuss or discredit Plaintiff's subjective complaints concerning his wrist pain and carpal tunnel syndrome. R.440. The Court did not make a factual finding that Plaintiff's wrist pain and impairments were a severe impairment or disabling (before the date of last insured), but merely that the ALJ had erred in failing to discuss or discredit Plaintiff's wrist pain and any resulting limitations.

In ALJ Marcinkowski's decision, he complied with the Court's Remand Order by considering what evidence there was of Plaintiff's treatment for a wrist impairment before Plaintiff's date of last insured and by considering Plaintiff's subjective complaints; however, he found insufficient evidence of medical documentation or contemporaneous complaints from Plaintiff, that he had wrist pain or carpal tunnel syndrome, or, more significantly, any limitations from those alleged impairments, during the relevant period from his alleged onset of disability on April 1, 1996, through the expiration of his insured status on December 31, 2001. R. 431. The ALJ stated:

> As for the claimant's allegations of wrist pain and carpal tunnel, there is hardly any evidence pertaining to these particular symptoms through the claimant's date last insured. Clinic records from the time period before his alleged onset date are devoid of hand or wrist complaints. The record includes a Workers' Compensation inquiry, dated April 20, 1994, requesting information on a right wrist injury. However, even though the claimant recently testified that his right wrist pain has been getting worse over the years, he had no complaints of hand, wrist or arm pain on examination with a consultative physician in 1998, nor do clinic notes through his date last insured reflect complaints of chronic right wrist pain. As noted above, 1999 x-rays of the

>claimant's cervical spine showed some straightening of the cervical curvature but nothing else of significance. Very shortly after his date last insured, in February 2002, the claimant complained of pain in his left arm with left hand numbness, but there is no further evidence documenting any underlying impairment for these symptoms. The undersigned finds that the claimant's alleged carpal tunnel syndrome was not a medically documented impairment during the relevant period.

R. 431 (internal citations to record omitted). The ALJ considered the evidence of Plaintiff's alleged wrist impairment during the relevant time period and rejected it based on the lack of such complaints in the treatment records and examination records from that time period. Accordingly, the ALJ's decision finding Plaintiff wrist injury or limitation not to be severe was based on substantial evidence. To the extent Plaintiff argues that the ALJ erred in failing to include limitations from a wrist injury in the hypothetical to the VE, the ALJ's failure to include such limitations was also based on substantial evidence.

### C.     Plaintiff's subjective complaints

Plaintiff claims that the ALJ erred by failing to properly analyze his subjective complaints of pain. Pain is a non-exertional impairment. *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the Eleventh Circuit's three-part "pain standard":

>The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote*, 67 F.3d at 1560 (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)). Pain alone can be disabling, even when its existence is unsupported by objective evidence, *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992), although an individual's statement as to pain is not, by itself,

-8-

conclusive of disability. 42 U.S.C. § 423(d)(5)(A). Where the ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence).

Plaintiff argues that the ALJ erred in failing to credit his testimony that he suffers from aching pain in his wrist and numbness in his fingers, as well as reduced grip strength. As cited in the section above, the ALJ discounted Plaintiff's credibility regarding his limitations specifically in his wrist because they were not supported by the treatment records from the relevant time period. In addition, the ALJ discounted Plaintiff's credibility regarding his limitations overall. The ALJ summarized:

> At the supplemental hearing, the claimant testified that he stopped working in 1996 because he moved from Iowa to Florida and when he came to Florida, he knew how to do mail processing but there were no jobs available in that area. He further alleged that around the same time, he was going to the doctor, and that his right wrist and lower back were hurting him more. The claimant alleged that he developed a disc problem and carpal tunnel while working for the post office. He testified that he was put on light duty. The claimant said he had a compressed disc between L4 and L5. He denied ever having back or wrist surgery. The claimant alleged conservative treatment of his back (injections) did not help him. . . .The claimant alleged that he continues to have right wrist pain and he claimed that he has problems with his grip. He claimed his right wrist was painful at the hearing and that his pain had become worse over the years. . . . He said Aleve helps his pain in the back and wrist, but he continues to have right hand weakness.

R. 433.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, however, his statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they were inconsistent with the RFC assessment because his subjective allegations of pain and limitation were disproportionate to the minimal physical abnormalities found through imagining studies and physical examinations through the date last insured. R. 434.

The ALJ offered specific reasons for discrediting Plaintiff's subjective complaints, including inconsistencies between Plaintiff's reports and the examination findings, as well as inconsistencies between his statements and his activities of daily living. The ALJ noted that "despite the claimant's assertion that he became disabled in 1996 due to pain and discomfort, he testified that part of his inability to work was because he could not find work in his field after he moved from Iowa to Florida." R. 434 "During the relevant period, he lived with his mother and was able to assist her with light housekeeping, grocery shopping and medical appointments." R. 434. The ALJ found that although Plaintiff could not sustain work involving prolonged walking or standing with his leg amputation, obesity, and diabetes, he was able to perform sedentary work. R. 434. The ALJ also relied on the August 2002 opinion of Dr. Stone, a state agency physician, who opined that Plaintiff would have been able to perform sedentary work through his date of last insured, with some lower extremity and postural limitations due to his inability to tolerate more than 2 hours of standing and walking per day[4]; the ALJ added a sit-stand option based on Plaintiff's testimony that he was able to manage his pain during the relevant period by shifting positions. R. 434. The ALJ's RFC assessment that Plaintiff was capable of sedentary work was based on the ALJ's analysis of the objective medical findings, the lack of evidence of any acute back, leg or wrist problems during the relevant period, and the opinion of the state agency consultant Dr. Stone. R. 434. These are factors the ALJ is directed to consider. 20 C.F.R. §§ 404.1529; 416.929. Accordingly, the ALJ's reasons are supported by substantial evidence.

## IV.   CONCLUSION

The record in this case shows that Plaintiff does not enjoy full health and that his lifestyle and activities are affected by his ailments to some degree. The ALJ appropriately considered these

---

[4] The ALJ considered but discounted somewhat as overly optimistic the opinions of two state agency physicians and a consultative examiner, who all concluded that Plaintiff would have been able to perform light work through his date of last insured. R. 434. These opinions were discounted given Plaintiff's inability to perform prolonged standing and/or walking that would be required. R. 434.

circumstances and analyzed them in relation to the exacting disability standard under the Social Security Act. For the reasons set forth above, the ALJ's decision is consistent with the requirements of law and is supported by substantial evidence. Accordingly, the Court **AFFIRMS** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Orlando, Florida on September 9, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Unrepresented Plaintiff
Counsel of Record